UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT BOYER,

        Plaintiff,

v.

CMG RECOVERY SERVICES, LLC, and
CAPITAL MANAGEMENT SERVICES, L.P.,

        Defendants.

**REPORT
and
RECOMMENDATION**

09-CV-00208S(F)

---

APPEARANCES:  KROHN & MOSS, LTD.
        Attorneys for Plaintiff
        ADAM THEODORE HILL, of Counsel
        120 W. Madison Street
        10th Floor
        Chicago, Illinois, 60602

        PATRICIA M. CIPRIANI, ESQ.
        General Counsel for Defendant
        CAPITAL MANAGEMENT SERVICES, L.P.
        726 Exchange Street, Suite 700
        Buffalo, New York 14210

## JURISDICTION

This case was referred to the undersigned by Honorable William M. Skretny on February 17, 2010, for preparation of a Report and Recommendation on Plaintiff's Petition for Attorney's Fees and Costs Pursuant to Plaintiff's Acceptance of the Offer of Judgment (Doc. No. 12), filed August 11, 2009.

## BACKGROUND and FACTS[1]

Plaintiff Robert Boyer ("Plaintiff" or "Boyer"), commenced this action on March 6,

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

2009, filing a complaint (Doc. No. 1) ("Complaint"), alleging multiple violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, against CMG Recovery Services, LLC ("CMG"). On April 13, 2009, Plaintiff filed an amended complaint (Doc. No. 2) ("Amended Complaint"), as of right, asserting the same FDCPA allegations against Capital Management Services, L.P. ("Defendant" or "CMS").[2] Defendant's answer (Doc. No. 4) was filed on May 21, 2009.

On July 9, 2009, Defendant, pursuant to Fed. R. Civ. P. 68, served Plaintiff with an Offer of Judgment ("Offer of Judgment"), offering Plaintiff $ 1,001 plus reasonable costs and attorneys' fees as agreed by the parties or, absent such agreement, as determined by the court upon a motion. Offer of Judgment ¶ 2. On July 14, 2009, Plaintiff filed a Notice of Acceptance of Rule 68 Offer of Judgment (Doc. No. 10) ("Offer Acceptance"), and, on July 15, 2009, judgment was entered in favor of Plaintiff, (Doc. No. 11) ("Judgment"), and the case was closed.

Also on July 15, 2009, Plaintiff sent a fee demand ("first fee demand") to Defendant to resolve the issue of reasonable costs and attorney's fees as provided by Offer of Judgment to which Plaintiff maintains Defendant failed to respond. Accordingly, Plaintiff, on July 28, 2009, sent a second fee demand ("second fee demand") to Defendant in a final attempt to resolve the issue before filing a motion with the court, to which Plaintiff maintains Defendant also failed to respond.

On August 11, 2009, Plaintiff filed its Petition for Attorney's Fees and Costs Pursuant to Plaintiff's Acceptance of the Offer of Judgment (Doc. No. 12) ("Plaintiff's

---

[2] CMG is not named as a Defendant in the Amended Complaint.

Petition"), seeking an award of reasonable costs and attorney's fees as contemplated by Plaintiff's acceptance of the Offer of Judgment ("Plaintiff's Motion"). Attached to Plaintiff's Petition are Exhibits A through H ("Plaintiff's Exh. __"). In total, Plaintiff seeks an award of $ 4,922 in costs and attorney's fees.

On September 21, 2009, Defendant filed the Response of Capital Management Services, L.P. ("CMS") in Opposition to Plaintiff's Fee Petition (Doc. No. 14) ("Defendant's Response"). On October 1, 2009, Plaintiff, in further support of Plaintiff's Motion, filed Plaintiff's reply to Defendant's Response in Opposition to Plaintiff's Fee Petition (Doc. No. 15) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, the court should award Plaintiff costs and attorney's fees in the amount of $ 2,914.50.

## DISCUSSION

The only matter before the court on Plaintiff's motion is Plaintiff's request that the court determine the amount of costs, including reasonable attorney's fees, to which Plaintiff is entitled as contemplated by the Judgment Offer and Offer Acceptance. As stated, Plaintiff seeks an award of costs and attorney's fees totaling $ 4,922. Defendant opposes the award, asserting that Plaintiff's application is untimely because it was filed more than 14 days after the entry of judgment, in violation of Fed. R. Civ. P. 54(d)(2)(B)(i). Defendant's Response at 1. Alternatively, Defendant challenges the hourly fee rate and time Plaintiff maintains was spent in litigating this matter, given that the action presented no complex or novel issues, *id.* at 2; the Complaint was, in form and substance, substantially identical to other FDCPA claims filed by Plaintiff's attorney,

Krohn & Moss, Ltd. ("Krohn"), *id.* at 2-3; many of the entries contained in Plaintiff's fee data pertain to "clerical functions" which cannot be billed at an attorney's rate, erroneous entries for services never performed, and also establish unnecessary duplication of efforts by multiple attorneys, *id.* at 5; and that no fee can be awarded for the time expended in preparing the fee application, *id.* at 5-6. According to Defendant, applying the correct lodestar rate, Krohn's fee should total no more than $ 2,137.50, and should be further downwardly adjusted to account for numerous errors regarding the number of hours expended in litigating the matter. *Id*. at 4-5. In further support of the Petition, Plaintiff argues that the terms of the Judgment Offer itself contemplated the need for a motion to resolve the attorney's fee issue, thereby negating Defendant's assertion that the Petition is untimely, Plaintiff's Reply at 1-3; Krohn obtained "excellent results" for Plaintiff which is the most important consideration in an attorney's fee award; *id.* at 3-4; Krohn's asserted hourly rate is reasonable and commensurate with similar rulings in this court, *id.* at 4-5; Defendant has failed to meet its burden supporting a reduction in the time Krohn expended litigating this case, *id.* at 5-9.

**1.     Timeliness**

The FDCPA has a fee-shifting provision authorizing payment, "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Moreover, in the instant case, the Offer of Judgment does state that costs are included, although no amount is specified. Rather, the Offer of Judgment provides for

> Plaintiff's reasonable costs and reasonable attorney's fees now accrued in

> connection with the above-referenced suit; said costs and fees are to be in an amount as agreed to between counsel for the parties or, if they are unable to agree, as determined by the Court upon motion.

Offer of Judgment ¶ 1.

Defendant, however, argues that the instant motion is untimely because it was filed on August 11, 2009, more than 14 days after entry of final judgment on July 15, 2009, in violation of Fed. R. Civ. P. 54 ("Rule 54"). Defendant's Response at 1.

As relevant to the instant case, Rule 54 provides that "[u]nless a statute or court order provides otherwise," a motion for costs and attorney's fees must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Plaintiff does not deny filing the instant motion more than 14 days after the entry of final judgment but, rather, maintains that Defendant's failure to respond to either the first fee demand, made on July 15, 2009, or the second fee demand, made on July 28, 2009, left Plaintiff with no option other than to file the motion beyond the 14-day period contemplated under Rule 54. Plaintiff's Reply at 2. Plaintiff further maintains that by its terms, the Offer of Judgment contemplates the need for court intervention to resolve any fee dispute, without regard to any deadline for making such motion. *Id*.

Defendant does not deny failing to respond to either the first or second fee demand, and such failure to respond rendered Plaintiff unable to discern whether Defendant was disputing the demanded fee, as well as the need for a motion to resolve a fee dispute. Moreover, Rule 54(a) of this court's Local Rules of Civil Procedure provides for a thirty-day period after entry of final judgment for filing a motion seeking to recover the costs of an action, including attorney's fees. Local Rules of Civil Procedure - WDNY, Rule 54(a). *See Jones v. Central Bank*, 161 F.3d 311, 312 (5th Cir. 1998)

5

(holding local rule of civil procedure requiring party move for attorney fees within 30 days after entry of judgment was court order satisfying "unless" clause of Rule 54 otherwise requiring such motions be filed and served within 14 days after entry of judgment). The docket establishes that Plaintiff filed the instant motion on August 11, 2009, *i.e.*, 27 days after entry of judgment and, thus, within the 30 days allowed under the local rule.

Accordingly, Defendant's request to have the instant motion denied as untimely should be DENIED.

**2.      Fee Application Costs**

Defendant also opposes Plaintiff's request for attorney's fees for the time expended after the acceptance of the Offer of Judgment, particularly the time expended in preparation of the fee application. Defendant's Response at 5-6. In support of this argument, Defendant relies on Fed. R. Civ. P. 68 ("Rule 68"), which, as relevant, provides with regard to the acceptance of an offer of judgment for an award of "*costs then accrued*." Fed. R. Civ. P. 68(a) (italics added). *Id*. In opposition, Plaintiff maintains that it is generally accepted that the time expended litigating the entitlement to attorney's fees is compensable under Rule 68, including fees incurred preparing the fee application as well as in defending any challenge to the fee. Plaintiff's Reply at 8-9.

Awarding attorney fees for time spent preparing the fee application is consistent with the purpose behind the FDCPA's fee shifting provision, *i.e.*, "the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies." *Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170,

6

1183-84 (2d Cir. 1996) (discussing purpose of fee-shifting provisions in context of Title VII litigation). See also Hensley v. Berks Credit & Collections, Inc., 1997 WL 725367, *7 (E.D.Pa. Nov. 18, 1997) (discussing in context of FDCPA action that an important purpose of fee shifting statutes is that by providing that a prevailing party may recover the reasonable costs of securing competent counsel, "they both encourage and reward plaintiffs and attorneys alike for undertaking the often difficult and thankless task of seeking to protect important rights. In the absence of such provisions, it is argued, many violations might go unpunished."); Thorpe v. Collection Information Bureau, Inc., 963 F.Supp. 1172, 1174 & n.2 (S.D. Fla. 1996) ("Although many of the fee-shifting provision on which we rely in this matter arose in the context of civil rights statutes, and not the FDCPA, each of these statutes use the term 'reasonable attorney's fee' and serve the same general purpose of shifting fees in order 'to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws.'" (quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986))). See also Commissioner, INS v. Jean, 496 U.S. 154, 161 (1990) (stating, in action involving award of attorney's fees pursuant to 28 U.S.C. § 2412 (fee-shifting statute for actions against United States), that "absent unreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action," including the litigation for the fees) (internal quotation marks omitted)); Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999) (holding in § 1983 action, a reasonable attorney's fee should be awarded for time expended preparing and defending fee application). Absent any case to the contrary, which

Defendant does not reference and which the court's research has not found, Plaintiff should be permitted to recover the costs, including attorney fees, of applying for and defending the attorney fee award. The court thus turns its attention to the amount of costs, including attorney's fees, Plaintiff seeks to recover.

3.   **Costs**

Plaintiff asserts its incurred $ 4, 572 in attorney's fees and $ 350 in costs, in litigating this action. Plaintiff's Petition at 14; Plaintiff's Exh. D. In particular, Plaintiff seeks to recover $ 350 for the cost of filing the Complaint. Plaintiff's Petition at 14. Given the Defendant does not oppose this request, the request should be GRANTED.

4.   **Lodestar Figure**

Here, Plaintiff seeks attorney and paralegal fees as follows:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Adam Krohn | 3.1 | $ 394 | $ 1,221.40 |
| Ryan Lee | 3.9 | $ 254 | $ 990.60 |
| Adam Hill | 7.9 | $ 225 | $ 1,777.50 |
| Nicholas Bontrager | 0.2 | $ 225 | $ 45.00 |
| Paralegal | 4.3 | $ 125 | $ 537.50 |
| Total Fees: | | | $ 4,572.00 |

Defendant challenges the amount of time expended in this action given the lack of complexity of the action and Plaintiff's use of a "form" complaint, the hourly rate of the attorneys and paralegals, and several entries on Plaintiff's time log as either

8

unnecessary, or duplicative. Defendant's Response at 2-5.

In calculating an award of attorney fees in an FDCPA case, "courts typically use a 'lodestar' figure as a starting point . . . calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved." *Kapoor v. Rosenthal*, 269 F.Supp.2d 408, 412 (S.D.N.Y. 2003) (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). Although there is a strong presumption that the lodestar figure represents a reasonable fee, *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. at 564-65, the court may nevertheless adjust the lodestar figure based on several considerations, the "most critical factor" of which is the degree of success obtained. *Hensley*, *supra*, 461 U.S. at 434, 436; *Farrar v. Hobby*, 506 U.. 103, 114 (1992). Other factors to be considered include the time and labor required, the novelty and difficulty of the legal issues in the case, and the attorney's ability. *Hensley*, *supra*, at 430 n. 3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

The burden is on the requesting party to submit evidence supporting the number of hours worked and the hourly rate claimed and the court may reduce the award in accordance with inadequate documentation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar calculation should exclude fees for work that "is excessive, redundant or otherwise unnecessary," *Hensley*, *supra*, at 434, as well as hours dedicated to severable unsuccessful claims. *Quarantino v. Tiffany & Co.*, 129 F.3d 702, 705 (2d Cir. 1997) (citing *Hensley*, *supra*, at 433-35). A reasonable hourly rate is usually the prevailing market rate "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S.

9

886, 896 (1984). Further, to prevent the court from reviewing and ruling on each item for which reimbursement is requested, courts have permitted a percentage-based reduction from the number of hours submitted as a means of trimming excess time from the fee request. *Walker v. Coughlin*, 909 F.Supp. 872, 881 (W.D.N.Y. 1995) (making a 15 % reduction in the total number of non-travel hours requested) (citing cases); *see also New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983) (holding that courts have endorsed percentage cuts as a practical means of "trimming fat" from a fee application).

The Second Circuit recently directed "district courts, in calculating the presumptively reasonable fee, 'to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate.'" *Simmons v. New York City Transit Authority*, 575 F.3d 170, (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117-18 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Id*. (quoting *Arbor Hill*, 493 F.3d at 112, 118). Further, courts should generally use the hourly rates employed in the district in calculating the presumptively reasonable attorney's fee, and may apply an "out-of-district" rate only where, based on case-specific variables, "'it is clear that a reasonable, paying client would have paid those higher rates.'" *Id*. at 174 (*quoting Ann Arbor*, 483 F.3d at 119).

In the instant case, the hourly rates Plaintiff seeks, as well as the number of

10

hours claimed, need to be adjusted downward for several reasons. First, the hourly rate is not reasonable within this district. Rather, the current reasonable hourly rate for FDCPA cases within the district has recently been established as $ 215 for a partner, $ 175 for an associate, and $ 50 for a paralegal. *See Berry v. National Financial Systems, Inc.*, No. 08-CV-18, 2009 WL 2843260, at * 5 (W.D.N.Y. Aug. 27, 2009) (Arcara, J.) (citing *Miller v. Midpoint Resolution Group, LLC*, 608 F.Supp.2d 389, 395 (W.D.N.Y. 2009). *See also Mostiller v. Chase Asset Recovery Corp.*, 09-CV-218, 2010 WL 335023, at * 5 (W.D.N.Y. Jan. 22, 2010) (applying same rates in FDCPA action). Significantly, Plaintiff fails to explain why a reasonable paying client in this legal market would pay the out-of-district rates Plaintiff seeks. As such, the hourly rates should be billed at $ 215 for Krohn, a partner, and at $ 175 for Lee, Hill and Bontrager, all associates. Further, the paralegal's hours should be billed at an hourly rate of $ 50.

Defendant also challenges several entries, including (1) issuance of an "alias" service of summons on April 13, 2009 (paralegal, .50 hours), given that CMS was personally served with process on May 9, 2009, (2) sending of packets to Defendant on March 12, 2009 (paralegal, .50 hours), and efforts by Defendant's attorneys to correct its own error on April 13, 2009 (paralegal, .50 hours).[3] Defendant's Response at 5. Plaintiff has not responded to these arguments and, as such, has conceded these ministerial errors. Accordingly, the paralegal hours expended in this action should be

---

[3] Defendant similarly opposes entries dated March 6, 2009, April 22, 200, and June 29, 2009, although the a plain review of the log fails to show any entries for these dates. and, accordingly, they are not considered.

decreased by one hour.[4]

Defendant also takes issue with the fact that several clerical tasks were performed by attorneys, including Krohn, and asserts that it was unnecessary for four attorneys to work on this file. Defendant's Response at 5. Insofar as the December 19, 2008 entry does indicate that Krohn, the managing partner, drafted, sent, and confirmed the client's receipt of the attorney-client agreement, the court deducts .50 hours from Krohn, and adds it to the time for paralegal services.

Furthermore, although four attorneys worked on this case, a review of the time log fails to establish any duplication of efforts. Nevertheless, to account for any unnecessary duplication, including the fact that all four attorneys would have had to review the file, the total fee award should be reduced by 10 %. *Walker*, 909 F.Supp. at 881; *New York State Association for Retarded Children, Inc.*, 711 F.2d at 1147.

Applying the new hourly rates, as established by the court, as well as the adjusted paralegal hours, yields the following fees:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Adam Krohn | 2.6 | $ 215 | $ 559.00 |
| Ryan Lee | 3.9 | $ 175 | $ 682.50 |
| Adam Hill | 7.9 | $ 175 | $ 1,382.50 |
| Nicholas Bontrager | 0.2 | $ 175 | $ 35.00 |
| Paralegal | 3.8 | $ 50 | $ 190.00 |
| Total Fees: | | | $ 2,849.00 |

---

[4] Although Defendant raises two objections to .50 hours expended by the paralegal on April 13, 2009, this time should be deducted only once.

Reducing the total fee award by 10 % yields $ 2,564.10 for attorney's fees in this case.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Doc. No. 12) should be GRANTED; Plaintiff should be awarded attorney's fees in the amount of $ 2,564.10, and costs in the amount of $ 350, for a total award of $2,914.50.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: February 22 , 2010
Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** Thomas v. Arn, 474 U.S. 140 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); Wesolek v. Canadair Limited, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: February 22, 2010
            Buffalo, New York